UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 1:21-cv-91-KAC-SKL |
| JONATHAN CECIL, JEREMY KENNEDY, and KOLLIN KENNEDY, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

This case is before the Court on Plaintiff's "Amended Motion for Summary Judgment" [Doc. 24]. Because Defendant Jonathan Cecil did not have Defendant Jeremy Kennedy's consent to use the vehicle he was driving when he got into a car accident, Defendant Cecil is not an "insured" under Defendant Jeremy Kennedy's insurance policy issued by Plaintiff State Farm Mutual Automobile Insurance Company. Accordingly, the Court grants summary judgment to Plaintiff.

**I. BACKGROUND**[1]

Defendant Jeremy Kennedy owned a 2015 Volkswagen Jetta ("Vehicle") [*See* Doc. 25-1 at 1]. Plaintiff issued Defendant Jeremy Kennedy a Tennessee automobile insurance policy ("Policy") [*See* Doc. 25-1 at 4]. Defendant Jeremy Kennedy and his wife, Amy Kennedy ("Kennedy Parents"), lived with their son, Defendant Kollin Kennedy [*See id.*]. The

---

[1] Because Defendants are the non-moving Parties, the Court describes the facts in the light most favorable to them. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

Kennedy Parents allowed Defendant Kollin Kennedy to use the Vehicle, but they instructed him that only he, "and no one else," could use the Vehicle [*See* Docs. 25-1 at 1, 3, 9; 25-2 at 1, 3, 9]. Despite this restriction, Defendant Kollin Kennedy rode in the passenger seat while he allowed Defendant Cecil to drive the Vehicle on the night of March 7, 2020 [*See* Docs. 25-1 at 2; 25-2 at 2; 25-3 at 2]. Defendant Cecil did not have the Kennedy Parents' express consent to use the Vehicle [*See* Docs. 25-1 at 2, 9; 25-2 at 2, 9; 25-3 at 2-3].

While driving the Vehicle, Defendant Cecil was involved in a car accident [*See* Doc. 25-3 at 3]. Two (2) months after the accident, Defendants Cecil, Jeremy Kennedy, and Kollin Kennedy were sued for personal injuries and damages resulting from the accident ("Underlying Litigation") [*See* Doc. 25-3 at 6]. Plaintiff is defending both Defendants Jeremy and Kollin Kennedy, as insureds, and Defendant Cecil, under a reservation of rights, in the Underlying Litigation [*See* Docs. 1 ¶¶ 32, 34; 11 ¶¶ 32, 34].

The Policy provides that Plaintiff "will pay damages an *insured* becomes legally liable to pay" [Docs. 1-1 at 9; 25-1 at 7-8 (emphasis original)]. Additionally, Plaintiff will pay "[a]ttorney fees for attorneys chosen by [Plaintiff] to defend an *insured* who is sued for such damages" [*Id.* (emphasis original)]. The Policy provides, in relevant, part that:

> **Insured** means:
> . . .
> 3. any other **person** for his or her use of:
>     a. **your car**;
>     . . .
>     Such vehicle must be used within the scope of **your** consent . . . .

[Doc. 1-1 at 9, 36]. "You" and "your" includes the Kennedy Parents, but not Kollin Kennedy or Jonathan Cecil [*See* Docs. 25-1 at 5].

Plaintiff moved for summary judgment, seeking a declaration that Plaintiff is not obligated

to defend or indemnify Defendant Cecil, under the Policy terms [*See* Doc. 24 at 1]. Defendant Cecil responded, arguing that the Kennedy Parents, through Defendant Kollin Kennedy, impliedly consented to Defendant Cecil's use of the Vehicle [Doc. 28].[2]

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907. The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden, the opposing party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; Fed. R. Civ. P. 56). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for'" the non-moving party. *See Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247-48).

---

[2] Defendants Jeremy and Kollin Kennedy admitted that Defendant Cecil is not covered under the Policy [Docs. 25-1 at 9; 25-2 at 9]. And Defendants Jeremy and Kollin Kennedy chose not to file a response to Plaintiff's Motion. *See* E.D. Tenn. L.R. 7.2.

3

Where the Court sits in diversity, as here, the Court "applies the substantive law of the state in which the district court sits according to the decisions of the state's highest court." *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 421 (6th Cir. 2020). Under Tennessee law, interpretation of an insurance contract "is governed by the same rules of construction used to interpret other contracts." *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007). "The language of the [insurance] policy must be given its plain, ordinary, and popular sense." *Lammert v. Auto-Owners (Mut.) Ins. Co.*, 572 S.W.3d 170, 172 (Tenn. 2019) (quoting *Am. Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d 811, 814 (Tenn. 2000)). But insurance contracts "are strictly construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls." *Id.* (quoting *Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012)).

**III. ANALYSIS**

Here, for Defendant Cecil to be covered, he must be an "insured" [*See* Docs. 25-1 at 7-8; 25-2 at 7-8; 25-3 at 11-12]. To be an "insured" under the Policy, Defendant Cecil must have been using the Vehicle within the scope of the Kennedy Parents' consent [*See* Doc. 1-1 at 9, 36]. Defendant Cecil did not have the Kennedy Parents' express consent to use the Vehicle [*See* Docs. 25-1 at 9; 25-2 at 9; 25-3 at 14-15]. Thus, the only question before the Court is whether Defendant Cecil's use of the Vehicle was within the scope of the Kennedy Parents' implied consent.

Under Tennessee law, a second permittee (one who receives permission from an original or first permittee) generally is not covered under an insurance policy unless he has express or implied consent from the named insured. *See Schultz v. Tenn. Farmers Mut. Ins. Co.*, 404 S.W.2d 480, 482-83 (Tenn. 1966). Implied consent "must be the act or conduct of the named assured" and

4

cannot "arise merely because a man obtained possession of the car, without the knowledge of the named assured, regardless of what permission was given by other persons." *Id.*

But in *Teague v. Tate*, Tennessee recognized a narrow exception that parents, by default, impliedly consent to a teenage child "swap[ping] up" driving with a friend. 375 S.W.2d 840, 844 (Tenn. 1964) ("We think all of us, including the insurance companies, may assume that boys seventeen or eighteen years of age out in an automobile" "will 'swap up' on the driving occasionally."). This exception, however, applies only if the parents' "initial permission is silent in such respect." *Id.* at 276 (citation omitted). Even when a teenage child is involved, there is no implied consent "if the first permittee gives the car to the second permittee 'against the instructions of the owner.'" *See Schultz*, 404 S.W.2d at 483 (quoting *Messer v. Am. Mut. Liab. Ins. Co.*, 241 S.W.2d. 856, 856 (Tenn. 1951)).

The case falls outside *Teague* because Defendant Kollin Kennedy permitted Defendant Cecil to use the Vehicle against the express instructions of his parents. The Kennedy Parents instructed Defendant Kollin Kennedy that only he was to use the Vehicle—"no one else" [*See* Docs. 25-1 at 1, 3, 9; 25-2 at 1, 3, 9]. Therefore, Defendant Cecil did not have the implied consent of the Kennedy Parents to use the Vehicle. Accordingly, Defendant Cecil is not an "insured" under the Policy, and the Policy's coverage does not extend to him.

It is immaterial that Defendant Cecil believed Defendant Kollin Kennedy was authorized to give him permission to use the vehicle [*See* Doc. 28 at 28]. Implied consent "must be the act or conduct of the named assured . . . regardless of what permission is given by other persons." *Schultz*, 404 S.W.2d at 483. The Policy only extends coverage to individuals using the Vehicle within the scope of the Kennedy Parents' consent [*See* Doc. 1-1 at 9, 36]. So Defendant Kollin Kennedy's permission is insufficient to extend the Policy's coverage to Defendant

5

Cecil [*See* Docs. 25-1 at 5-7; 25-2 at 5-7; 25-3 at 8-11]. Further the fact that Defendant Cecil believed the Vehicle belonged to Defendant Kollin Kennedy is inconsequential [*See* Doc. 28 at 28-29]. "[A] driver's subjective belief that he had consent to use the vehicle is irrelevant to the question of lawful possession." *State Farm Mut. Ins. Co. v. Dembla*, 604 F. App'x 484, 487 (6th Cir. 2015).

And it is too late for Defendant Cecil to argue that the factual background of this case is not fully developed or that other facts, yet unknown, may show that he was driving the Vehicle within the Kennedy Parents' implied consent [*See* Doc. 28 at 24-25]. Discovery is closed [Doc. 26 at 1]. Defendant Cecil cannot rest on the mere legal assertions of implied consent to stave off summary judgment. *See Moldowan*, 578 F.3d at 374 (6th Cir. 2009).

The Policy only provides coverage to Defendant Cecil if he is an "insured" [*See* Docs. 25-1 at 6-7; 25-2 at 6-7; 25-3 at 10-11]. Defendant Cecil is not an "insured" under the Policy. Therefore, Plaintiff is entitled to judgment declaring that it is "not obligated to provide any coverage under the Policy—either through defense or indemnity—to Defendant Jonathan Cecil for any liability arising out of the automobile accident at issue in the Underlying Litigation, including any injuries or damages allegedly resulting from said accident as alleged in the Underlying Litigation" [*See* Doc. 24 at 1].

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's "Amended Motion for Summary Judgment" [Doc. 24]. No claim remains in this action. An appropriate judgment shall enter.

SO ORDERED.

s/Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge